IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                              Case No. 05-10235-JTM

BRYCE E. MUELLER,

    Defendant.

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's Motion to Dismiss (Dkt. No. 10). Defendant argues that this court does not have jurisdiction in this case under 18 U.S.C. § 513 because the statutory definition of "forged" has not been implicated. The United States disagrees. After reviewing the parties' arguments, the court finds in favor of the United States.

**I. BACKGROUND**

The facts in this case are not in dispute. In 2002, defendant Bryce E. Mueller started work as the in-house accountant and bookkeeper for a company called Millennium Machine and Tool, Inc. Mueller's job was to keep the books for Millennium, including running Millennium's accounting software, creating its financial reports, and filing the company's taxes.

Mueller was an authorized signatory on the company's checking account. Mueller's authority to write checks was not confined to a specific list of companies or people. There was no cap on the amount of money Mueller was authorized to write a check for. Mueller paid

Millennium's vendors and managed the company payroll using checks. Mueller wrote almost all the checks for the company, including pay checks to himself for his salary.

Like many companies, Millennium was set up so its controller could fill in the payee and the dollar amount on a check by typing the payee and dollar amount into Millennium's accounting software on a personal computer and then feeding a blank Millennium check through a computer printer. This was the standard way checks were prepared at Millennium. Following this procedure, Mueller made several checks payable to himself other than those for his salary. He signed the checks as Millennium's controller and endorsed them in his own name. Mueller also made a few Millennium checks payable to his personal creditors. With these checks, Mueller stole about $160,000 from Millennium.

On December 15, 2005, a Grand Jury returned an Indictment charging ten counts of forgery in violation of 18 U.S.C. § 513. The Indictment states that defendant:

> [D]id willfully and knowingly make, utter and possess a forged security of Millennium Machine and Tool, Inc., with the intent to deceive another person and Millennium Machine and Tool, Inc., that is, the defendant made, uttered and possessed checks made payable to himself, which the defendant falsely made payable to himself, in the amounts set forth below, when the defendant knew that he was not entitled and authorized to alter, complete, sign, endorse, make a false addition to and insertion on the checks, so that he could use the funds for his benefit.

The ten counts relate to ten checks. Defendant notes that three of the checks were made payable to defendant's creditors and the remaining seven were made payable to himself. All ten checks are actual Millennium checks that Mueller signed as an authorized signatory on the company's checking account.

## II. ANALYSIS

Defendant argues that since he was an authorized signatory using actual company checks,

he did not commit forgery as defined under 18 U.S.C. § 513. In support of his legal theory, defendant cites case law interpreting 18 U.S.C. § 2314 and the legislative history of 18 U.S.C. § 513.

> The statute provides in relevant part:
>
> Whoever makes, utters or possesses a counterfeited security of a State or a political subdivision thereof or of an organization, or whoever makes, utters or possesses a forged security of a State or political subdivision thereof or of an organization, with intent to deceive another person, organization, or government shall be fined under this title or imprisoned for not more than ten years, or both.

18 U.S.C. § 513(a). The statute defines "counterfeited" as a "document that purports to be genuine but is not because it has been falsely made or manufactured in its entirety." 18 U.S.C. § 513(c)(1). The statute defines "forged" as a "document that purports to be genuine but is not because it has been falsely altered, completed, signed, or endorsed, or contains a false addition." 18 U.S.C. § 513(c)(2).

The United States Court of Appeals for the Tenth Circuit interpreted the meaning of "forged" in <u>United States v. Lester</u>, No. 01-3250, 42 Fed.Appx. 257 (10th Cir. June 26, 2002). In that case, the defendant Janet Lester served as controller of a Kansas company. <u>Id.</u> at 259. Her duties included managing the books and preparing financial statements. <u>Id.</u> She also reconciled company checking accounts, monitored monthly operating statements, and prepared tax reports. <u>Id.</u> When her supervisor noticed financial discrepancies, he investigated and discovered that the defendant had been writing checks for herself and her creditors. <u>Id.</u> She obtained the checks by requesting her supervisor to sign blank checks that she would purportedly use to pay company bills. <u>Id.</u> The defendant was charged with several counts, including unlawfully transporting falsely made securities in violation of 18 U.S.C. § 513 and uttering and possessing forged

...
securities in violation of 18 U.S.C. § 2314. Id.

On appeal, defendant raised the issue of the meaning of the terms "falsely made" and "forged." Id. at 260. The defendant argued that a document genuine on its face is not made false because of its content or purpose and cited Marteny v. United States, 216 F.2d 760 (10th Cir. 1954) in support. The Tenth Circuit rejected the argument, noting that "falsely made" could mean that the document contains false or incorrect information. Lester, 42 Fed.Appx. at 260. The Circuit held that "[a] check completed fraudulently as payable to an unauthorized payee certainly fits within the category of an instrument that is 'made to contain false, or incorrect, information.' " Id. citing Moskal v. United States, 498 U.S. 103, 109, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990) See also United States v. Hagerty, 561 F.2d 1197, 1199 (5th Cir. 1977) (concluding that "falsely made" includes filling in the drawee information without authorization).

The court finds this defendant's case to be analogous to Lester. As defined in § 513, "forged" means "falsely altered, completed, signed or endorsed." Although Mueller was authorized to sign and complete checks from the company account for the benefit of his employer, he could not properly endorse these checks. As in Lester, these checks contained false and incorrect information because they were made payable to unauthorized payees, including Mueller and his creditors. Clearly, Mueller was not authorized to endorse these checks. Under these circumstances, defendant's actions fall within the scope of 18 U.S.C. § 513.

IT IS ACCORDINGLY ORDERED this 25th day of April 2006, that the court denies defendant's Motion to Dismiss (Dkt. No. 10).

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE

securities in violation of 18 U.S.C. § 2314. Id.

On appeal, defendant raised the issue of the meaning of the terms "falsely made" and "forged." Id. at 260. The defendant argued that a document genuine on its face is not made false because of its content or purpose and cited Marteny v. United States, 216 F.2d 760 (10th Cir. 1954) in support. The Tenth Circuit rejected the argument, noting that "falsely made" could mean that the document contains false or incorrect information. Lester, 42 Fed.Appx. at 260. The Circuit held that "[a] check completed fraudulently as payable to an unauthorized payee certainly fits within the category of an instrument that is 'made to contain false, or incorrect, information.' " Id. citing Moskal v. United States, 498 U.S. 103, 109, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990) See also United States v. Hagerty, 561 F.2d 1197, 1199 (5th Cir. 1977) (concluding that "falsely made" includes filling in the drawee information without authorization).

The court finds this defendant's case to be analogous to Lester. As defined in § 513, "forged" means "falsely altered, completed, signed or endorsed." Although Mueller was authorized to sign and complete checks from the company account for the benefit of his employer, he could not properly endorse these checks. As in Lester, these checks contained false and incorrect information because they were made payable to unauthorized payees, including Mueller and his creditors. Clearly, Mueller was not authorized to endorse these checks. Under these circumstances, defendant's actions fall within the scope of 18 U.S.C. § 513.

IT IS ACCORDINGLY ORDERED this 25th day of April 2006, that the court denies defendant's Motion to Dismiss (Dkt. No. 10).

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE